IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE BOONE, )<br>)<br>　　Plaintiff, )<br>)<br>　　v. )<br>)<br>OFFICE OF THE CHIEF OF POLICE, )<br>SEVENTH DISTRICT POLICE DEPARTMENT, )<br>UNITED STATES ATTORNEYS OFFICE, )<br>)<br>　　Defendants. )<br>) | Case No. 1:06CV00611<br>(HHK) |

**DEFENDANT THE OFFICE OF THE CHIEF OF POLICE'S AND DEFENDANT THE SEVENTH DISTRICT POLICE DEPARTMENT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

　　Defendants the Office of the Chief of Police and the Seventh District Police Department (collectively "Defendants"), by and through counsel, respectfully move this Court to dismiss Stephanie Boone's ("Boone") Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Defendants are agencies within the District of Columbia government that cannot be sued as separate entities.  Therefore, no relief could be granted under any set of facts that could be proved consistent with the vague statements made in the Complaint.

As explained in the accompanying Memorandum in Support of Motion, Defendants the Office of the Chief of Police and the Seventh District Police Department request that their Motion to Dismiss be granted and Boone's Complaint be dismissed with prejudice.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


/s/ Kimberly Matthews Johnson
KIMBERLY MATTHEWS JOHNSON
Bar Number 435163
Chief, General Litigation Section I


/s/ Devanshi P. Patel
DEVANSHI P. PATEL
Special Assistant Attorney General
Bar Number 493265
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6522
(202) 727-3625 (fax)
E-mail: devanshi.patel@dc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE BOONE, )<br>)<br>   Plaintiff, )<br>)<br>   v. )<br>)<br>OFFICE OF THE CHIEF OF POLICE, )<br>SEVENTH DISTRICT POLICE DEPARTMENT, )<br>UNITED STATES ATTORNEYS OFFICE, )<br>)<br>   Defendants. )<br>) | Case No. 1:06CV00611<br>(HHK) |

**MEMORANDUM IN SUPPORT OF DEFENDANT THE OFFICE OF THE CHIEF OF POLICE'S AND DEFENDANT THE SEVENTH DISTRICT POLICE DEPARTMENT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendants the Office of the Chief of Police and the Seventh District Police Department (collectively "Defendants"), by and through counsel, respectfully move this Court to dismiss Stephanie Boone's ("Boone") Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

It is a well-established rule that agencies and departments within the District of Columbia government cannot be sued as separate entities. *See Fields v. District of Columbia Dep't of Corrections*, 789 F. Supp. 20, 22 (D.D.C. 1992) (citations omitted); *Gales v. District of Columbia*, 47 F. Supp. 2d 43, 48 (D.D.C. 1999) (stating the Metropolitan Police Department is a municipal department of the District of Columbia). Defendants are agencies or departments within the District of Columbia government and thus cannot be sued as separate entities. Therefore, Boone's Complaint should be dismissed because it does not state a claim upon which relief can be granted.

## FACTS

Boone filed the instant lawsuit on March 31, 2006, naming the Office of the Chief of Police, the Seventh District Police Department, and the United States Attorney's Office as the defendants. Boone did not name the Government of the District of Columbia as a defendant in this matter. Although Boone seeks relief in the amount of $50,000, it is difficult to determine the nature of her claim or claims. The Complaint does not state the grounds upon which this Court's jurisdiction depends, a statement of claim that the plaintiff is entitled to relief, or a demand for judgment.

## STANDARD OF REVIEW

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Accordingly, the complaint is construed liberally in favor of the plaintiff and the plaintiff should benefit from the inferences that can be derived from the facts alleged. *Kowal v. MCI Commc'n Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Id.* Even under this deferential standard, Boone's Complaint should be dismissed because Defendants are agencies or departments within the District of Columbia government and are not suable as separate entities.

## ARGUMENT

Boone's Complaint against Defendants the Office of the Chief of Police and the Seventh District Police Department must be dismissed because Defendants cannot be sued in their own names. "An entity formed by Congress may not be sued unless Congress so authorizes explicitly (or implied if the entity derived its existence from a suable entity). . . . Cases in this jurisdiction

have consistently found that bodies within the District of Columbia government are not suable as separate entities." *Braxton v. Nat'l Capital Hous. Auth.*, 396 A.2d 215, 216 (D.C. 1978) (citations omitted). *See McRae v. Olive*, 368 F. Supp. 2d 91, 94 (D.D.C. 2005) ("It is well-settled that bodies within the D.C. Government are not suable absent statutory provisions allowing such suit.").

Defendants are agencies within the District of Columbia government. Accordingly, they cannot be sued as separate entities. *Id.* at 94 ("[T]he [Metropolitan Police Department] is not a separate suable entity . . . ."); *see also Robinson v. District of Columbia*, No. 03-1455, 2005 U.S. Dist. LEXIS 3556, at 10 (D.D.C. Feb. 28, 2005) ("A suit against a municipal official in his official capacity is treated as a suit against the municipality itself.").

Moreover, it has been held that a suit against a non-suable element of the District of Columbia government should not be treated as one naming the District of Columbia as a defendant. *See Kelly v. Morris*, 400 A.2d 1045, 1047 (D.C. 1979). In sum, there can be no recovery against the District of Columbia if it is not a named party. *See Roberson v. District of Columbia Bd. of Higher Educ.,* 359 A.2d 28, 31 (D.C. 1976).

Accordingly, Boone's Complaint fails to set forth a claim against Defendants upon which relief can be granted. Defendants are not *sui juris* and, as such, Defendants cannot be sued as separate entities. Therefore, Boone's Complaint should be dismissed with prejudice.

**CONCLUSION**

Wherefore, premises considered, Defendants the Office of the Chief of Police and the Seventh District Police Department respectfully request that their Motion to Dismiss be granted and that the Court enter an order dismissing Boone's Complaint with prejudice.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General,
    Civil Litigation Division


    /s/ Kimberly Matthews Johnson
    KIMBERLY MATTHEWS JOHNSON
    Bar Number 435163
    Chief, General Litigation Section I


    /s/ Devanshi P. Patel
    DEVANSHI P. PATEL
    Special Assistant Attorney General
    Bar Number 493265
    441 Fourth Street, N.W.
    Washington, D.C. 20001
    (202) 724-6522
    (202) 727-3625 (fax)
    E-mail: devanshi.patel@dc.gov