IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEPHANIE BOONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:06CV00611 |
| | ) | (HHK) |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S
MOTION TO DISMISS PLAINTIFF BOONE'S COMPLAINT
FOR FAILURE TO STATE A CLAIM UPON
WHICH RELIEF CAN BE GRANTED**

Defendant District of Columbia respectfully moves this Court to dismiss Stephanie Boone's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. It is well-established under the public duty doctrine that the District of Columbia government does not have a duty to provide public services to any particular individual. Boone's Complaint should be dismissed pursuant to Rule 12(b)(6) because Defendant does not owe a special duty to Boone different from the duty it owes to the general public.

**FACTS**

Boone filed the instant lawsuit on March 31, 2006, naming the Office of the Chief of Police, the Seventh District Police Department, and the United States Attorney's Office as the defendants. On June 19, 2006, Boone's Complaint was amended to substitute the District of Columbia as the defendant. Plaintiff states in her Complaint that she has witnessed events occurring within the District and has apparently informed the Metropolitan Police Department of

the same.  According to Boone, however, she has not been granted a meeting with the police regarding the information she claims to have provided the Seventh District Police Department. Boone apparently claims that she has suffered injury because the Metropolitan Police Department has failed to pursue what Boone claims are "leads" provided to the Department. Therefore, Boone seeks relief in the amount of $50 million.

The Complaint does not state the grounds upon which this Court's jurisdiction depends, a cause of action, or a demand for judgment.

## STANDARD OF REVIEW

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Accordingly, the complaint is construed liberally in favor of the plaintiff and the plaintiff should benefit from the inferences that can be derived from the facts alleged.  *Kowal v. MCI Commc'n Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint."  *Id.*  Boone's Complaint should be dismissed pursuant to Rule 12(b)(6) because Boone can prove no set of facts in support of her claim which would entitle her to relief under the public duty doctrine.

## ARGUMENT

Boone's Complaint against Defendant must be dismissed because Defendant is immune from liability under the public duty doctrine.  The public duty doctrine is a uniformly accepted principle that states "a government and its agents are under no general duty to provide public services, such as police protection, to any particular individual citizen."  *Warren v. District of Columbia*, 444 A.2d 1, 4 (D.C. 1981).  Despite Boone's claims that she routinely or repetitively

contacted the police, the Metropolitan Police Department - including the Seventh District Police Department - was under no special duty to respond to Boone's alleged complaints. The duty of the police is to the public as a whole and not to a particular citizen. Under the public duty doctrine, Defendant owed no duty to provide to Boone police protection services. Therefore, Boone's Complaint should be dismissed because Plaintiff can prove no set of facts that would entitle her to relief.

Further, Boone does not stand in a special relationship with Defendant. There are two recognized exceptions to the public duty doctrine: "1) a direct contact or continuing contact between the victim and the government agency or official; and 2) a justifiable reliance on the part of the victim." *Id.* at 8. Boone does not allege any special relationship with Defendant in her Complaint. Moreover, Boone does not meet either of the exceptions.

The first exception to the public duty doctrine generally arises when a private citizen is "actively" used by the government. *Hines v. District of Columbia*, 580 A.2d 133, 137 (D.C. 1990). Boone was not actively utilized by Defendant or its agents. In fact, she claims that her complaints or "leads" were ignored or that the Seventh District Police Department was nonresponsive. Further, Boone's alleged complaints and "leads" to the police do not create a special relationship because "a request for aid is not in itself sufficient to create a special duty." *Warren*, 444 A.2d at 6.

Boone similarly fails to fall within the second exception to the public duty doctrine. Boone does not allege and cannot allege that she justifiably relied on Defendant. To the contrary, Boone alleges that the Seventh District's alleged failure to respond to her "leads" caused her to lose trust in the Department. *See* Compl. at 2 ("Yet, their Hush-Hush [sic] attitude

has weakened my trust of them."). It would be difficult for Boone to now claim justifiable reliance.

Moreover, Boone's requested relief in the amount of $50 million is inappropriate in the context complained of by Boone. Boone's complaints of property damage should be raised in a different setting, and likely against a different defendant. Boone's claim that the police did not provide her adequate police services is without merit under the police duty doctrine and her requested relief is improper. Therefore, Boone's Complaint should be dismissed pursuant to Rule 12(b)(6) because it fails to set forth a claim upon which relief can be granted.

## CONCLUSION

Wherefore, Defendant respectfully requests that its Motion to Dismiss be granted and that the Court enter an order dismissing Boone's Complaint with prejudice.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Kimberly Matthews Johnson
KIMBERLY MATTHEWS JOHNSON
Bar Number 435163
Chief, General Litigation Section I

/s/ Devanshi P. Patel
DEVANSHI P. PATEL
Special Assistant Attorney General
Bar Number 493265
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6522
(202) 727-3625 (fax)
E-mail: devanshi.patel@dc.gov